IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TODD NESBIT,<br><br>Plaintiff,<br><br>v.<br><br>NVR MORTGAGE FINANCE INC., *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:25-cv-16295-KMW-EAP<br><br><br>**OPINION** |
| **Todd Maurice Nesbit**<br><br>Plaintiff, *pro se* | **Thomas P. Cialino, Esq.**<br><br>*Counsel for Defendants PennyMac Loan Services LLC and Mortgage Electronic Registration System* |

**WILLIAMS, District Judge:**

I.    **INTRODUCTION**

Plaintiff Todd Nesbit ("Plaintiff"), proceeding *pro se*, brings this action against PennyMac Loan Services LLC and Mortgage Electronic Registration System (together, "Defendants"), challenging the foreclosure of his home in connection with a separate state court action. Presently before the Court is Defendants' Motion to Dismiss the Complaint for lack of subject-matter jurisdiction, insufficient service of process, and failure to state a claim. Plaintiff has opposed the Motion. For the reasons set forth below, the Court concludes that it lacks subject-matter over this action and grants Defendants' Motion accordingly.

## II.    BACKGROUND

This matter arises from a mortgage foreclosure action concerning residential property located at 99 Hamilton Court in Pennsauken, New Jersey. Plaintiff executed a note and mortgage on the property in October 2022. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for NVR Mortgage Finance, Inc., was identified as the mortgagee, and the mortgage was later assigned to Defendant PennyMac Loan Services, LLC ("PennyMac").

On October 13, 2023, PennyMac commenced a foreclosure action against Plaintiff in New Jersey state court.[1] Throughout that proceeding, Plaintiff filed various motions seeking to stave off foreclosure, which included challenges to the state court's jurisdiction, PennyMac's standing to foreclose, and the validity of the underlying loan documents. The state court denied each of his motions and ultimately entered judgment in PennyMac's favor on August 2, 2024. Plaintiff then moved to vacate or void the final judgment and writ of execution, again raising the same challenges that had been previously rejected. The state court denied that motion on September 13, 2024.

Nearly nine months later on June 5, 2025, Plaintiff removed the foreclosure action to this Court.[2] Plaintiff justified removal on the basis that his core defenses to foreclosure also had footing in federal law. PennyMac timely filed a motion to remand, which the Court granted by Order dated September 11, 2025. In that Order, the Court concluded that removal was procedurally improper under the federal removal statute, and that it otherwise lacked subject-matter jurisdiction over the action.

Weeks later on October 3, 2025, Plaintiff commenced the present action against PennyMac, MERS, and other defendants, again invoking federal-question jurisdiction. The Complaint asserts

---

[1] *See PennyMac Loan Services, LLC v. Nesbit et al.*, No. SWC-F-011920-23 (N.J. Super. Ct. Ch. Div., Camden Cty.).

[2] *See Pennymac Loan Services, LLC v. Nesbit*, No. 1:25-cv-07468-KMW-EAP (D.N.J.).

the same challenges that had previously been considered and rejected by the state court in the foreclosure proceeding, namely that PennyMac did not have an enforceable interest in the property and consequently had no standing to foreclose. On this basis, the Complaint asserts five causes of action denominated as "wrongful foreclosure" based on an alleged lack of standing (Count I), breach of contract (Count II), quiet title (Count III), temporary and injunctive relief (Count IV), and declaratory relief (Count V).

## III.    DISCUSSION

In their Motion, Defendants first seek dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Specifically, they contend that the *Rooker-Feldman* doctrine bars adjudication of Plaintiff's claims because the Complaint is effectively asking this Court to review and reject the state court's foreclosure judgment.[3] The Court, however, need not decide whether the *Rooker-Feldman* doctrine precludes the exercise of jurisdiction because Plaintiff has failed to invoke its jurisdiction in the first instance. *See Kim v. Unlimited Settlement Servs.*, No. 25-1949, 2026 WL 1031815, at *3 (3d Cir. Apr. 16, 2026) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)).

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869 (3d Cir. 2022). Relevant here is the Court's so-called "federal-question jurisdiction" under 28 U.S.C. § 1331, which vests district courts with jurisdiction over "all civil

---

[3] The *Rooker-Feldman* doctrine is a narrow jurisdictional rule providing that federal district courts generally cannot act as appellate courts reviewing state-court judgments. It applies to a limited set of cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *In re Adams*, 151 F.4th 144, 152 (3d Cir. 2025) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

actions arising under" federal law. Plaintiff, as the party asserting federal-question jurisdiction, bears the burden of establishing it. *See Kokkonen*, 511 U.S. at 377; *see also Erie Ins. Exch. by Stephenson v. Erie Indem. Co.*, 68 F.4th 815, 818 (3d Cir. 2023).

In determining whether a plaintiff has properly asserted federal-question jurisdiction, courts rely on the "well-pleaded complaint" rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question is so presented when a well-pleaded complaint establishes either (1) "that federal law creates the cause of action," or (2) "that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Goldman v. Citigroup Glob. Markets Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983)).

Here, no federal question appears on the face of Plaintiff's Complaint. As an initial matter, the Complaint does not explicitly invoke federal-question jurisdiction. To the contrary, its sole jurisdictional allegation states that this Court has jurisdiction "pursuant to the State Constitution and statute." Compl. ¶ 1. But even when liberally construing the Complaint's remaining allegations, they do not establish federal-question jurisdiction under either of the two avenues described above.

First, none of Plaintiff's causes of action arises under federal law. His three substantive claims for "wrongful foreclosure," breach of contract, and quiet title arise, if at all, under New Jersey law. *See Cole v. Wells Fargo Bank, N.A.*, No. 12-cv-1932, 2015 WL 1421676, at *1 (D.N.J. Mar. 26, 2015) (recognizing breach of contract and quiet title as claims arising under New Jersey common law); *but see Maturo v. Bank of Am., N.A.*, No. 16-cv-350, 2017 WL 773878, at *4 (D.N.J.

Feb. 27, 2017) (explaining that a "wrongful foreclosure" claim premised on an alleged lack of standing is not cognizable under federal or New Jersey law). The remaining counts are merely prayers for relief that do not supply an independent basis for federal jurisdiction. *See Kabbaj v. Google Inc.*, 592 F. App'x 74, 75 n.2 (3d Cir. 2015) ("[D]eclaratory and injunctive relief are remedies rather than causes of action").

Second, Plaintiff's right to relief does not necessarily depend upon the resolution of a substantial question of federal law. At bottom, Plaintiff seeks to set aside the foreclosure, invalidate PennyMac's interest in the property, and quiet title in his favor. His theory is that PennyMac lacked standing to foreclose because it failed to establish a valid and unbroken chain of title to the note and mortgage. That theory turns on the validity and assignment of those instruments, PennyMac's authority to enforce them, and the parties' respective interests in the property. Each is a matter traditionally governed by state law. *See, e.g.*, *Lastra v. Select Portfolio Servicing, Inc.*, No. 23-cv-22014, 2024 WL 5247944, at *4 (D.N.J. Dec. 30, 2024) (observing that standing to enforce a mortgage debt obligation is governed by New Jersey law); *see also Deutsche Bank Tr. Co. Americas v. Angeles*, 53 A.3d 673, 675 (N.J. Super. Ct. App. Div. 2012).

In short, the Complaint neither asserts a cause of action created by federal law nor presents a state-law claim that necessarily turns on a substantial federal question. Federal-question jurisdiction is therefore lacking, and the Complaint must be dismissed.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court grants Defendants' Motion insofar as it seeks dismissal under Rule 12(b)(1) and dismisses the Complaint without prejudice to Plaintiff's pursuit of any claims that may remain available to him in an appropriate state forum.

An appropriate Order follows.

Dated: July 15, 2026

KAREN M. WILLIAMS, U.S.D.J.